IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **INOVATEUS SOLAR, LLC,**  **Plaintiff,**  v.  **QBE INSURANCE CORPORATION,**  **Defendant.** | No. 21-CV-01746-SPM (lead case) |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Inovateus Solar, LLC is engaged in the business of providing design, engineering, procurement, and general construction contractor services for various solar power construction projects. Defendant QBE Insurance Corporation is engaged in the business of issuing insurance policies and surety bonds, including payment bonds for construction projects.

Inovateus brought this group of indemnification and damages actions against QBE as the obligor in a Master Subcontract Agreement ("MSA") regarding the principal subcontractor's failure to pay bond claims from certain subcontractors on a construction project.[1] (Doc. 1.) Section 12.2 of the MSA states in pertinent part:

> All claims, disputes and other matters in controversy arising out of or related to this Master Agreement, or the performance or breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect, but as modified by this Article, unless the parties mutually agree otherwise. . . . Unless otherwise agreed by [Inovateus], the arbitration proceeding shall take place in South Bend, Indiana. The arbitrators may decide only the issues presented to them and may not

---

[1] The lead case in this appeal is consolidated with two other cases presenting similar issues.

Page 1 of 5

> vary or disregard any terms of this Master Agreement or the Contract Documents. This agreement to arbitrate shall be binding, and judgment may be entered upon the arbitration award in accordance with applicable law in any court having jurisdiction thereof. The arbitration award shall be as binding upon Subcontractor's sureties as if such sureties were named and joined in the arbitration proceeding, and at [Inovateus'] option, such sureties may be joined as parties therein.

(Doc. 1, p. 3.) QBE acknowledged that it was bound to arbitrate under the clause, but, in the lead case, the insurer filed a motion to deem right to arbitration waived, claiming that the filing of suit in this Court constituted a waiver of that right. (Docs. 16, 28.) Inovateus promptly filed a motion to stay litigation pending arbitration and responded to the waiver motion.[2] (Docs. 21, 27.) QBE then filed a response to the motion to stay, to which Inovateus replied. (Docs. 28, 29.)

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel and for litigants." *Tel. Sci. Corp. v. Asset Recovery Sols.*, LLC, 2016 WL 47916, at *2 (N.D. Ill. Jan. 5, 2016) (quoting *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005)). "The decision to grant a stay is committed to a court's discretion, though that discretion must be exercised consistently with principles of fairness and judicial economy." *Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1054 (S.D. Ill. 2006) (internal citations omitted). In determining whether to grant a motion to stay, courts typically consider three factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in

---

[2] Inovateus also filed motions to stay litigation pending arbitration in the companion cases before consolidation.

question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the court. *Id.*

The parties' arguments on the validity of Inovateus' requested stay all turn on whether Inovateus has waived its right to arbitrate. If Inovateus has waived its right to arbitrate, then the MSA's arbitration clause is null and a stay would solely cause delay. But if Inovateus has not waived its right to arbitrate, then enforcement of the arbitration clause would warrant a stay and likely would end litigation in this forum unless non-arbitrable claims exist.

The Federal Arbitration Act ("FAA") requires courts "to place written arbitration agreements on the same footing as other contracts." *Scheurer v. Fromm Family Foods LLC*, 863 F.3d 748, 752 (7th Cir. 2017); *see also Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012) (The FAA "embodies both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract."). A party entitled by contract to arbitration may waive that entitlement either explicitly or by inference from the party's conduct. *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011) (citing *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.*, 969 F.2d 585, 587 (7th Cir. 1992)). The Court considers the totality of the circumstances when deciding whether to infer waiver because a party acted inconsistently with the right to arbitrate. *Id.* at 994. The party asserting a waiver has occurred bears the burden of proving it. *St Mary's Med. Ctr.*, 969 F.2d at 590. The Court should consider factors such as the party's diligence, its participation in discovery and litigation, any substantial delay in a request for arbitration, and prejudice to the opposing party

caused by reliance on the litigation behavior. *Kawasaki*, 660 F.3d at 994. The "diligence or lack thereof" of the party seeking arbitration "should weigh heavily in the decision." *Id.* (citing *Cabinetree of Wisconsin v. Kraftmaid Cabinetry,* 50 F.3d 388, 391 (7th Cir. 1995)). A party's choice to proceed in a judicial forum creates a rebuttable presumption that the party has waived its right to demand arbitration. *Id.* at 995.

In these cases, Inovateus has rebutted the presumption of waiver. Inovateus was diligent in asserting its right to arbitrate generally; it filed a motion to stay pending arbitration at the outset of the suit. Considering a party's litigation history on the matter as part of the waiver analysis "prevents parties from waiting to see how they fare in a judicial forum before choosing arbitration, prevents the duplicative adjudication of disputes, and prevents the undue prejudice that results from a party spending time and money on litigation that will not ultimately resolve a case." *Kawasaki*, 660 F.3d at 994-95. Moreover, no motion to dismiss has been filed in these cases and no discovery has been conducted.

QBE spends considerable time arguing that *Cabinetree* is dispositive, but the facts in *Cabinetree* are not comparable to the facts here. In *Cabinetree*, the defendant first removed the case from Wisconsin state court to federal court and then litigated in court for six months before "dropp[ing] a bombshell into the proceedings" by filing a motion to stay the action pending arbitration. 50 F.3d at 389. Here, there is no basis to believe that Inovateus was "weigh[ing] its options" as between litigation and arbitration. *Id.* at 391. Furthermore, as in *Kawasaki*, Inovateus' assertion of its right to arbitration "was not out of the blue." 660 F.3d at 996. QBE presented conflicting

positions to Inovateus regarding arbitrability. Inovateus specifically set forth in its Complaints that it was initiating the lawsuit to toll limitation periods on the bonds because, at that time, QBE had not conceded that it was bound by the arbitration provision in the MSA. Inovateus then promptly sought a stay pending arbitration in this Court after filing suit. The other cases QBE cites are also not analogous upon closer inspection. The Court finds that the interests of judicial economy will be served by a stay pending resolution of the arbitration.

## CONCLUSION

Accordingly, Defendant QBE's Motion to Deem Right to Arbitration Waived (Doc. 16) is **DENIED** and all three of Plaintiff Inovateus' Motions to Stay Litigation Pending Arbitration (Doc. 21 in lead case) are **GRANTED**. As a result, these matters are **STAYED** and the parties shall jointly inform the Court when arbitration is completed.

**IT IS SO ORDERED.**

**DATED:  August 25, 2022**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
